**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Court File No.: 25-cv-4592**

| | |
|---|---|
| Jonathan Lofquist, <br><br> Plaintiff, <br><br> v. <br><br> Midwest Resale Specialist INC., <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant Midwest Resale Specialist INC. ("Defendant"), violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.,* Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), Invasion of Privacy, and violations of Minnesota Common Law.

2. Defendant harassed Plaintiff by repeatedly calling his cell phone using a robodialer, an act strictly prohibited by state and federal law.

3. Defendant's constant phone calls and harassment were regarding a debt that Plaintiff is not and has never been obligated to pay.

**JURISDICTION**

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

1

5. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

**PARTIES**

6. Jonathan Lofquist ("Plaintiff") is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Crystal, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Midwest Resale Specialist INC. ("Defendant") is a collection agency organized the laws of the United States of America. Defendant's principal place of business is located at 412 South 4th Street, Suite 1150E, Minneapolis, Minnesota 55415. Defendant is authorized to conduct business in the state of Minnesota and regularly does so. Defendant does not have an agent of service in Minnesota, and their registered office address is the same as their principal place of business (412 South 4th Street, Suite 1150E, Minneapolis, Minnesota 55415). Defendant's primary purpose is to collect on debt accounts it purchases to turn a profit and is, therefore, a debt collector as that term is defined by 15 U.S.C. § 1692a(6). *See Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1125 (8th Cir. 2020).

**THE TELEPHONE CONSUMER PROTECTION ACT**

8. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

9.   The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, an automated voice, or a pre-recorded message.

10.  Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robodialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. See Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

### FACTUAL SUMMARY

11.  Defendant routinely calls Plaintiff on his cell phone attempting to collect debt that Plaintiff does not owe and has never been obligated to pay.

12.  Defendant places these calls to Plaintiff using a robodialer, an artificial voice, or both.

13.  When answering these robodial calls, Plaintiff has heard either a recorded, automated voice or a long pause of dead air. This pause indicates that Defendant's robodialer called Plaintiff and then connected to a live operator within a few seconds of answering.

14.  When Plaintiff did not answer Defendant's calls, Defendant would frequently leave voicemail messages stating that the call was from Midwest Resale and requesting a call back.

15.  For example, on October 24th, 2025, Plaintiff received the following voicemail:

*"Greetings, you are being contacted by Midwest Resale Specialists. We are*

*reaching out about a matter that pertains to you within our office. Please be assured this is not a sales or solicitation call. We seek to address an issue that merits discussion. You may contact us at 833-611-1060. We would be pleased to engage with you further on this issue."*

16. Between February 3rd, 2022, and October 24th, 2025, Plaintiff received approximately 240 calls from approximately 70 different numbers, all calling on behalf of Defendant.

| Phone Number | Number of Calls |
| --- | --- |
| 218-288-7936 | 1 |
| 218-293-7774 | 1 |
| 218-610-4451 | 1 |
| 507-218-0263 | 2 |
| 507-417-9812 | 1 |
| 507-564-7670 | 1 |
| 612-230-5504 | 1 |
| 612-230-5537 | 1 |
| 612-230-9407 | 20 |
| 612-230-9422 | 17 |
| 612-230-9438 | 17 |
| 612-230-9478 | 2 |
| 612-234-6090 | 2 |
| 612-234-6092 | 2 |
| 612-234-6093 | 7 |
| 612-234-6094 | 3 |
| 612-263-9303 | 1 |
| 612-263-9353 | 1 |
| 612-263-9637 | 1 |
| 612-263-9684 | 2 |
| 612-268-2287 | 1 |
| 612-315-6702 | 3 |
| 612-315-6703 | 1 |
| 612-315-6704 | 1 |
| 612-404-0478 | 1 |
| 612-414-4143 | 1 |
| 612-421-0912 | 1 |

| | |
|---|---|
| 612-473-0133 | 1 |
| 612-473-6250 | 1 |
| 612-473-7872 | 1 |
| 612-474-4142 | 2 |
| 612-474-4143 | 39 |
| 612-474-4144 | 1 |
| 612-474-4145 | 33 |
| 612-474-4588 | 1 |
| 612-474-4712 | 10 |
| 612-474-5778 | 1 |
| 612-474-5850 | 1 |
| 612-836-9853 | 3 |
| 612-895-1781 | 2 |
| 612-895-1784 | 1 |
| 612-895-1786 | 2 |
| 612-895-3460 | 3 |
| 612-895-3461 | 2 |
| 651-301-8719 | 1 |
| 651-369-1414 | 1 |
| 763-219-4082 | 1 |
| 763-230-1992 | 1 |
| 763-230-2887 | 1 |
| 763-230-3299 | 1 |
| 763-237-5359 | 1 |
| 763-237-5615 | 2 |
| 763-244-8345 | 1 |
| 763-271-9203 | 1 |
| 763-271-9276 | 2 |
| 763-271-9280 | 4 |
| 763-272-4876 | 6 |
| 763-272-4881 | 1 |
| 763-272-8245 | 3 |
| 763-272-8254 | 2 |
| 763-477-5243 | 1 |
| 763-762-5102 | 4 |
| 763-762-5151 | 2 |
| 800-276-3214 | 2 |
| 833-201-6802 | 1 |
| 833-256-4366 | 1 |
| 833-333-8451 | 1 |
| 833-611-1060 | 1 |
| 952-208-5503 | 1 |

17. These factors, paired with the frequency of the calls and the variety of phone numbers, strongly suggest that Defendant was calling Plaintiff's cell phone using a robodialer.

18. Defendant did not have Plaintiff's consent to use these electronic means to call his cell phone. In fact, Plaintiff explicitly revoked any consent to be called on his cell phone.

19. On August 23rd, 2023, Plaintiff had a 52-second outbound call with Defendant (833-611-1060) and explicitly revoked his consent to be called on his cell phone.

20. Plaintiff received a response from Defendant that they would cease communication; however, despite this explicit revocation and concession to cease calls to his telephone number, Defendant continues to robodial Plaintiff.

21. Following his requests for Defendant to cease communications, Defendant placed robodial collection calls to Plaintiff on at least (but not limited to) 201 subsequent occasions.

22. Because the phone calls came from approximately 70 different phone numbers, Plaintiff was unable to block each of Defendant's phone numbers on his cell phone and was instead forced to endure constant calls and harassment from Defendant.

23. Defendant disregarded Plaintiff's revocation of consent and willfully continued to contact Plaintiff with impunity using a prohibited automatic telephone dialing system.

24.  Defendant's phone calls were regarding a debt that Plaintiff allegedly owed and whose rights and interests had been assigned to Defendant.

25.  Plaintiff is not and has never been obligated to this debt.

26.  Defendant knew or should have known that Plaintiff did not owe the debt in question and, upon information and belief, has in its possession skip tracing information that would have informed it that Plaintiff and the debtor were not the same person.

27.  Plaintiff communicated with Defendant and requested that Defendant cease from contacting him, as they had the wrong person, to no avail.

28.  Because the debt was not owed by Plaintiff, Defendant's continued collection attempts constitute violations of 15 U.S.C. §§ 1692b(3), 1692d, 1692e, and 1692f.

29.  Defendant's actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully.

30.  Plaintiff has suffered emotional distress, frustration, and anxiety because of Defendant's illegal conduct.

## JURY TRIAL

31.  Plaintiff demands a jury trial to the extent available under US Const. Amend. 7.

## CAUSES OF ACTION

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT

32.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. The TCPA bans using robodialers and artificial voices to call cell phones absent the consumer's explicit consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

34. Defendant violated 47 U.S.C. § 227(b)(1) by knowingly calling Plaintiff at least 242 times on his cell phone using an automatic dialing system and/or an artificial, pre-recorded voice without Plaintiff's consent.

35. Defendant also ignored Plaintiff's explicit revocation of consent.

36. Defendant thus willfully and knowingly violated § 227(b)(1).

37. Plaintiff was stressed and harassed by the frequency of Defendant's calls to his cell phone, and by his inability to stop these calls, as is his right by statute.

38. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

39. Plaintiff is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Defendant's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## COUNT II: INVASION OF PRIVACY

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs throughout its nearly four-year collection mission whereby it placed approximately Two Hundred and Forty-Two (242) telephone calls to Plaintiff's telephone despite receiving his explicit instruction to cease all calls.

42. Defendant's intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

43. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

44. As a result of Defendant's intrusion, Plaintiff has suffered emotional distress, out-of-pocket loss, and is entitled to an award of actual damages in an amount to be determined at trial.

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.*

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46.    Defendant's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the FDCPA, specifically:

- 15 U.S.C. § 1692b(3) – Contacting a third party more than once without consent or necessity.
- 15 U.S.C. § 1692d – Engaging in harassing, oppressive, or abusive conduct.
- 15 U.S.C. § 1692e – Using false, deceptive, or misleading representations in connection with debt collection.
- 15 U.S.C. § 1692f – Using unfair or unconscionable means to collect or attempt to collect any debt.

47.    Defendant's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

48.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- Judgment in favor of Plaintiff and against Defendant for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).
- For an award of actual and punitive damages caused by Defendant's illegal intrusion upon Plaintiff's seclusion.
- That an order be entered declaring that Defendant's actions as described above violate the FDCPA;
- That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Awarding actual damages for Defendant's illegal intrusion upon Plaintiff's seclusion; and

10

- For such other and further relief as may be just and proper.

Dated this 11th day of December 2025.

Respectfully Submitted,

By: s/Carter B Lyons
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
Carter B. Lyons, Esq.
Attorney I.D. #403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

11

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jonathan Lofquist, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 10th day of December 2025.

s/Jonathan Lofquist
Jonathan Lofquist